IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARON BRIGNAC,

       Plaintiff,               No. CIV S-04-1690 DFL KJM P

   vs.

T. SANCHEZ,

       Defendant.       <u>ORDER</u>

_____/

      Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On December 27, 2004, plaintiff filed a request for a protective order and on the same date defendant filed a motion to dismiss or to compel plaintiff's deposition. Both motions grow out of a deposition of plaintiff that took place on December 17, 2004.

A.  <u>Motion For A Protective Order</u>

      Plaintiff asks the court to issue an order to protect him from "annoyance, oppression, and unnecessary burden" during any future depositions.   He alleges that before being escorted to the deposition, he was forced to remove his tennis shoes and wear boots, which aggravated a bump on plaintiff's foot.  In addition, plaintiff was handcuffed while in the visiting room for the deposition, even though four guards with pepper spray and billy clubs were at the door.  Motion For Protective Order (MPO) at 2.  Plaintiff told defendant's counsel, Maria Chan,

1

that the boots were hurting his feet and the handcuffs hurt his wrists.  Id.  He also avers that Chan

called him "manipulative" and "stupid" during the deposition.  Id. at 3. He asks that he not be

forced to wear hard boots and handcuffs and that Chan refrain from calling him stupid and

manipulative.  Id. at 3-4.  In his opposition to the motion for dismissal or sanctions, he also asks

that he be allowed to write out the questions before he answers them.  Opp'n to Mot. to Dismiss

(Opp'n to MTD) at 5.

In his declaration in support of the motion, plaintiff avers that he, like most men,

is reliant on his brain's left hemisphere and easily overwhelmed by a woman's "too many

words."  Declaration of Jaron Brignac (Brignac Decl.) at 3.  He cites an article from "Men's

Health Magazine" and Metu Neter, a book by "a priest known as Ra Un Nefer Amen."  Id. at 3.

He avers that it takes him longer to comprehend questions and prefers to write them down so as

to make sense of them.

> [B]eing reliant on the left hemisphere of my brain, I am proned to
> generating a profusion of words by making little sense. Ms.  Chan,
> who is equally reliant on both sides is able to speak fast and make
> sense at the same time and overwhelm me with words.

Id. at 4.  Finally, plaintiff notes he was unfamiliar with the rules of depositions and mistrusted

Chan's direction to answer questions even though he had objections to them.  Id.

Defendant has filed a copy of the deposition and notes that, at the time, plaintiff

did not complain at the time of pain from the handcuffs or from the shoes.  Def't's Response to

Pl.'s Request for a Protective Order at 2-3.   Defendant's counsel characterizes plaintiff as

uncooperative from the beginning of the deposition.  Declaration of Maria Chan filed 1/11/05

(Chan Decl. #1) ¶¶ 4-11.

B.  Motion To Dismiss Or For Sanctions

On December 27, 2004, defendant filed a motion to dismiss and for costs and

attorney's fees based on plaintiff's alleged failure to participate in his deposition.  This is

supported by the declaration of counsel, who describes plaintiff's claimed need to write out her

2

1   questions so that he could "contemplate" them, his arguments with her over the relevance of her

2   questions, his practice of quoting from the complaint to answer questions.  Declaration of Maria

3   Chan filed 12/27/04 (Chan Decl. # 2) ¶¶ 6-8.

4          Plaintiff chides counsel for "name calling and threats" during the deposition and

5   suggests his problems during the deposition stemmed from medication for gas, which made him

6   lightheaded and dizzy, and his "comprehension difficulty" as demonstrated by his low score on a

7   reading comprehension test.  Opp'n to MTD at 2-3 & Exs. A (rules violation report referencing

8   plaintiff's reading level), B (prescriptions for Mintox and Omeprazole).

9   C.  The Deposition Transcript

10          Defendant has provided a copy of the transcript of plaintiff's deposition on

11   December 17, 2004.  At the beginning of the process, Chan reviewed the rules for the deposition,

12   including the requirement that plaintiff answer questions even if he has an objection to them.

13   Transcript of Deposition of Jaron Brignac, 12/17/04 (Transcript) at 8.  Plaintiff said he was

14   willing to cooperate "in accordance with Federal Rules of Evidence."  Id.

15          Chan explained he would be given the opportunity to make changes or corrections

16   to the transcript.  Plaintiff replied by reading the provisions of the federal rules regarding the

17   deponent's review of the transcript into the record.[1]  Id. at 9-11.

18          As Chan moved to the questions, plaintiff noted that his "comprehension is very

19   low.  I'm not able to quickly comprehend a question without writing it down first."  Id.  He then

20   provided a list of objections to potential questions.  Id. at 12.

21          When Chan asked if he "suffer[ed] from a medical condition" that caused him to

22   be unable to "comprehend questions as they're asked to you," plaintiff said "that's the type of

23   question I got to write down."  Id. at 13.  After plaintiff had written the question and "recite[d]" it

24   back to Chan, he disputed its relevance to the case.  Id. at 14.  Eventually, plaintiff said he did not

25
26          [1] Plaintiff cites to the rule as "Federal Rules of Evidence, 30, three-zero, (e), subdivision
     (e)."  What he quotes, however, is Rule 30 (e) of the Federal Rules of Evidence.

1   have a medical condition that would affect his comprehension and objected to Chan's attempt to

2   confirm the answer.  Id. at 16.  At that point, Chan said she knew plaintiff had "a history of

3   manipulation."  Id.

4           After this, plaintiff wrote down Chan's questions, read from his complaint, and

5   objected on relevance grounds to her questions about terms he used in the complaint.  He

6   supported his objection by quoting Federal Rule of Evidence 401.  Id. at 20-22.

7           Plaintiff and Chan continued to debate the relevance of certain questions, with

8   plaintiff engaging in dialogue apparently without writing down Chan's comments.  See, e.g., id.

9   at 25-27.  Plaintiff said he was "familiar with proper and improper questions, so I'm just

10  protecting that right."  Id. at 28.  Nevertheless, instead of answering Chan's next question,

11  plaintiff countered with his own: "Have you ever asked your client why he twisted my hand – my

12  fingers?"  Id. at 29.

13          At one point, plaintiff said he had almost fallen asleep because medication he was

14  given for a stomach ailment made him drowsy.  Id. at 39.  Nevertheless, he maintained that when

15  he shut his eyes, he was thinking of Chan's questions and the events underlying the complaint.

16  Id. at 41.

17          Later, Chan asked plaintiff if he received a rules violation report for refusing to

18  return to his cell; plaintiff objected to the question as vague.  Id. at 55-56.  Chan then asked if he

19  received a 115 for refusing to return to his cell on October 14, 2003; plaintiff claimed  he needed

20  specifics because "it's a very broad question."   Id. at 56.  Two pages later, plaintiff conceded he

21  remembered signing a 115 concerning the incident that "allegedly occurred" with defendant.  Id.

22  at 58.

23  D.  Analysis

24      1.  Motion For A Protective Order

25          Rule 26 (c) of the Federal Rules of Civil Procedure authorizes a court to enter an

26  order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or

1   expense . . . "  The party seeking the order must establish good cause by "'a particular and

2   specific demonstration of fact, as distinguished from stereotyped and conclusory statements

3   . . . .'"  Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n.16 (1981).

4          Plaintiff has supported his request with a copy of a medical chrono, which

5   specifies he should not be assigned to work in an area where hard-soled shoes must be worn.

6   This chrono does not suggest, however, that plaintiff would be in such pain as to be unable to

7   concentrate during his deposition if he were not wearing soft shoes.  In fact, when asked whether

8   he was suffering from a medical condition that would interfere with his comprehension of the

9   questions, plaintiff said no.  Transcript at 16.  Although plaintiff claims to have mentioned the

10  pain in his feet before going on the record, it is significant that he said nothing about it during the

11  deposition, particularly because plaintiff was aware of the need to make a record of his

12  objections.   MPO at 2; Transcript at 12.

13         Plaintiff did mention the handcuffs during the deposition but said only that they

14  made it difficult for him to write the questions.  Transcript at 34.  He did not complain of pain.

15         Although plaintiff claims Chan called him "stupid" during the deposition, the

16  court's review of the record does not bear out the contention.  Transcript at 21.   Instead, she

17  asked whether he had said he was stupid.  Id.

18         Finally, plaintiff has presented information from a book by a "priest" and a section

19  of an article from a popular magazine to support his claim that he cannot comprehend questions

20  without writing them down.   He has provided no test results, educational records or other

21  documentary support for his claim of specific "comprehension disabilities."  Morever, his claim

22  of difficulties in comprehending is belied by portions of the deposition transcript, where he

23  responded appropriately to Chan's comments, apparently without writing them down.  Transcript

24  at 25-27.

25         Plaintiff has not shown good cause for a protective order.

26  /////

1        2.  <u>Motion For Dismissal Or Sanctions</u>

2              While a court's inherent authority to dismiss a complaint for discovery violations

3  has been largely subsumed by Federal Rule of Civil Procedure 37(b), a court retains the authority

4  to dismiss a case in "extreme circumstances."  <u>Fjelstad v.  American Honda Motor Co</u>., 762 F.2d

5  1334, 1338 (9th Cir.  1985); <u>see also</u> <u>Riverside Memorial Mausoleum, Inc. v. Sonnenblick-</u>

6  <u>Goldman Corporation</u>, 80 F.R.D. 433, 435-36  (E.D. Pa. 1978) (dismissal justified by plaintiff's

7  pattern of ignoring court orders and missing deadlines); <u>Lindstedt v. City of Granby</u>, 238 F.3d

8  933 (8th Cir. 2000) (upholding dismissal order under Rule 37 for flagrant and intentional abuse

9  of the discovery process).  A dismissal under rule 37 (b) must be predicated on a failure to "obey

10  an order to provide or permit discovery."  <u>Fjelstad</u>, 762 F.2d at 1339-40; <u>Schoffstall v.</u>

11  <u>Henderson</u>, 223 F.3d 818, 824 (8th Cir. 2000).  A "blanket directive to comply with discovery

12  rules" is not such an order.  <u>Fjelstad</u>, 762 F.2d at 1340.

13              Plaintiff offers a collection of excuses for his behavior: his medication, his

14  claimed comprehension disability, his unfamiliarity with the rules for depositions.   The

15  information he has provided about his medication does not provide support for his claim that it

16  causes dizziness; instead, it advises him to consult his doctor before taking the medication if he

17  has had chronic heartburn or heartburn accompanied by lightheadedness, sweating or dizziness.

18  Opp'n to MTD, Ex. B.

19              Plaintiff's claimed comprehension disability is discussed above in relation to his

20  motion for a protective order.  In the opposition to defendant's motion, plaintiff provides some

21  information about his fourth-grade reading level.  Opp'n to MTD, Ex. A.  Whatever plaintiff's

22  score on the Test of Adult Basic Education, the sophistication of his pleadings suggests the test

23  score is not a true reflection of his skills.  Moreover, whatever plaintiff's true reading level, it

24  says little about his ability to comprehend oral communications.

25              Finally, plaintiff's claim of unfamiliarity with the rules for depositions is belied by

26  the record.  During the deposition plaintiff read a portion of Federal Rule of Civil Procedure 30

1    into the record.  Transcript at 11.  Subdivision (c) of that Rule requires plaintiff to answer

2    questions even when he has interposed objections to them.

3              Though plaintiff's attempts to justify his behavior are unpersuasive, the court

4    cannot find that his performance satisfies the requirement of the "extreme circumstances"

5    justifying dismissal under the court's inherent authority.

6              Nor can the court impose sanctions under Federal Rule of Civil Procedure 37(b).

7    Although the court did issue a discovery order, it was not a specific order that plaintiff provide or

8    permit discovery, but rather a "blanket directive" governing the discovery process in this case.

9    Accordingly, because plaintiff has not disobeyed a specific order compelling discovery, he is not

10   subject to sanctions or the imposition of fees under Rule 37 (b) at this time.

11             However, the court will issue an order to compel plaintiff's further deposition and

12   will extend the discovery cutoff for defendant only.  Plaintiff is cautioned that if he fails to

13   cooperate in good faith with the discovery process, the court may  impose sanctions, including

14   but not limited to an award of attorney's fees and costs and dismissal of the action.

15             IT IS HEREBY ORDERED:

16             1.  Plaintiff's motion for a protective order is denied.

17             2. Defendant's motion to dismiss and for sanctions is denied.

18             3. Defendant's motion for an order compelling plaintiff to submit to a deposition

19   is granted.

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

1         4.  Defendant is granted an additional thirty days from the date of this order in

2    which to complete discovery.  All pretrial motions, except motions to compel discovery, shall be

3    filed on or before July 1, 2005.  Further dates shall be set after any pretrial motions are resolved.

4    DATED:   May 12, 2005.

5

6

7                           UNITED STATES MAGISTRATE JUDGE

8

9

10   2/brig1690.mtc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26